UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS YASNEL PEREZ
CRESPO,

Petitioner,

v.

SECRETARY KRISTI NOEM, IN
HER OFFICIAL CAPACITY AS
SECRETARY OF THE
DEPARTMENT OF HOMELAND
SECURITY, et al.,

Respondents.

Case No. 2:26-cv-211-KCD-NPM

_____/

## ORDER

Petitioner Carlos Yasnel Perez Crespo has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 7.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"), and his continued detention without a hearing contravenes the Fifth Amendment and the Administrative Procedures Act. (*Id.* at 30-44.) Respondents oppose the petition. (Doc. 10.) For the reasons below, the petition is **DENIED**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

Crespo illegally entered the United States on December 21, 2021. (Doc. 7 ¶ 41.) Important for reasons discussed below, he was apprehended at the border and released. (*Id.* ¶ 42.) Crespo was recently re-detained following a hearing where the Government moved to dismiss his removal proceedings. (*Id.* ¶¶ 3, 17.) After processing, he landed at the Glades County Detention Center in the Middle District of Florida. (*Id.* ¶ 33.) Crespo does not yet have a final removal order because he has appealed the dismissal. (Doc. 9 at 2.)

## II. Discussion

Crespo's habeas petition raises three substantive claims. First, his detention violates the INA because he is ineligible for a bond hearing. (Doc. 7 at 30-36.) Second, his detention without a bond hearing violates his due process rights. (*Id.* at 23-28.) Third, the Court should review DHS's actions under the Administrative Procedures Act ("APA"). (Id. at 38.) These issues are addressed in turn.

### A. INA

Sections 1225 and 1226 of the INA govern the detention of noncitizens before a final order of removal. The former provision covers "inadmissible arriving aliens" who are "present in the United States [but have] not been admitted." 8 U.S.C. § 1225(a)(1). So-called "'applicants for admission' in the language of the statute." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

Pertinent here, § 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Id.* The only exception is release "on parole for urgent humanitarian reasons or significant public benefit." *Id.* at 288.

On the other hand, § 1226 has historically "authorize[d] the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings[.]" *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) sets out a discretionary detention framework for aliens arrested and detained "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). While the arresting immigration officer makes an initial custody determination, noncitizens detained under § 1226(a) may appeal that decision in a bond hearing before an immigration judge. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

According to Crespo, he is entitled to a bond hearing under § 1226. (Doc. 7 at 36.) And the Government's "application of § 1225(b)(2) to Petitioner unlawfully mandates his continued detention and violates the INA." (*Id.* ¶ 123.) But this argument runs headlong into the facts. Crespo was apprehended at the border. That puts him squarely under § 1225. *See, e.g.,* *Lopez v. Hardin*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245, at *4 (M.D.

3

Fla. Oct. 29, 2025) ("[Section] 1225 applies to noncitizens arriving at a border or port and are presently seeking admission into the United States.").

An alien "who arrives in the United States (whether or not at a designated port of entry[)] shall be deemed . . . an applicant for admission." 8 U.S.C. § 1225(a)(1). Crespo concededly meets this definition. He was stopped at the border, had no legal status, and sought entry. *See Jennings*, 583 U.S. at 287 ("[A]n alien who arrives in the United States . . . but has not been admitted, is treated as an applicant for admission.").

Applicants for admission who are inadmissible must be detained pending removal proceedings. *Jennings*, 583 U.S. at 297. The Government has only one alternative under this framework—it can temporarily release the noncitizen on humanitarian parole. *Id.* at 288. But make no mistake, this is not a lawful entry. A paroled noncitizen has not been admitted to the country. Instead, the law treats them as if they never crossed the threshold. When the parole ends, they return to custody and are treated "in the same manner as that of any other applicant for admission." *Id.* (quoting 8 U.S.C. § 1182(d)(5)(A)). So, while Crespo may have physically spent time in the interior of the United States after his release, the law places him exactly where he started—at the border, subject to § 1225. *See Campbell v. Almodovar*, No. 1:25-CV-09509 (JLR), 2025 WL 3538351, at *6 (S.D.N.Y. Dec. 10, 2025). "[A]lthough aliens seeking admission into the United States may

4

physically be allowed within its borders pending a determination of admissibility, such aliens are legally considered to be detained at the border and hence as never having effected entry into this country." *Moore v. Nielsen*, No. 4:18-cv-01722-LSC-HNJ, 2019 WL 2152582, at *3 (N.D. Ala. May 3, 2019); *see also Singh v. Noem*, No. CIV 25-1110 JB/KK, 2026 WL 146005, at *36 (D.N.M. Jan. 20, 2026).

Crespo makes much of the fact that he was not released on parole, but rather granted entrance into the United States under another section of the INA. (Doc. 11 at 2-4.) So Crespo suggests that § 1225 no longer governs his case, dropping him instead into the bond-eligible world of § 1226. (*Id.*)

The Court cannot get behind this argument. As mentioned, when an inadmissible alien arrives at the border and seeks admission, § 1225 gives the Government exactly two choices. Option one: mandatory detention. Option two: temporary release "on parole." *Jennings*, 583 U.S. at 288. There is no option three. Congress did not write a release on recognizance exception into the statute for arriving aliens.

So what happens when an immigration agent releases an arriving alien on recognizance anyway? The answer is simple: the statute still controls. A border agent's paperwork choice—whether born of administrative convenience or a slip of the pen—cannot circumvent a congressional mandate. *See I.N.S. v. Pangilinan*, 486 U.S. 875, 883-85 (1988); *Savoury v. U.S. Atty.*

*Gen.*, 449 F.3d 1307, 1318 (11th Cir. 2006). An executive branch official does not possess the power to rewrite the INA one checked box at a time. Because parole is the sole legal mechanism Congress provided to release an applicant for admission, the law must treat Crespo's initial release as a parole. And when that period of liberty ends, he goes right back to where the statute demands. *See Liang v. Almodovar*, No. 1:25-CV-09322-MKV, 2025 WL 3641512, at *6 (S.D.N.Y. Dec. 15, 2025) ("Whatever 'grace' Congress and the Executive Branch have thus far bestowed upon Petitioner, including not only his initial parole but also his examination by an immigration officer under Section 1225(b)(2)(A) itself, bestows no additional rights.").

Crespo—who has never been admitted and was found by an "examining immigration officer" to be "not clearly and beyond a doubt entitled to be admitted" 8 U.S.C. § 1225(b)(2)(A)—is properly in custody under §1225(b). Section 1225 says nothing "whatsoever about bond hearings." *Jennings*, 583 U.S. at 297. So Crespo's continued detention without a bond hearing cannot be in violation of the INA.

**B. Due Process**

Even if Crespo's detention without a bond hearing is authorized by the INA, he argues it violates the Due Process Clause. The Court cannot agree. First, it's not entirely clear that such a claim is available for aliens held under § 1225. *See, e.g.*, *D. A. F. v. Warden, Stewart Det. Ctr.*, No. 4:20-CV-79-

CDL-MSH, 2020 WL 9460467, at *8 (M.D. Ga. May 8, 2020) ("Some courts have concluded that for arriving aliens due process is whatever procedure has been authorized by Congress."). But even assuming Crespo enjoys due process protections here, they would be transgressed only by "prolonged detention" without a bond hearing. *Moore*, 2019 WL 2152582, at *9. Crespo has been in custody for just over five months. That is short of the constitutional threshold in this context. *See Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1217 (11th Cir. 2016) ("[T]here is little chance that a[n] . . . alien's detention is unreasonable until at least the six-month mark."); *see also Kameron v. Dep't of Homeland Sec.*, No. 7:19-CV-16-WLS-MSH, 2020 WL 9460465, at *3 (M.D. Ga. Mar. 27, 2020) (finding "no basis to conclude that Petitioner's now eighteen-month detention is unreasonable").

Crespo has not been in custody for a prolonged period, nor shown that his detention will be indefinite. So his claims under the Due Process Clause also fail. *See, e.g.*, *Tomlinson v. Swartz*, No. 24-24844-CV, 2025 WL 1568213, at *4 (S.D. Fla. Jan. 31, 2025).

### C. Administrative Procedures Act

Finally, Crespo invokes the Administrative Procedure Act ("APA"). (Doc. 7 at 38.) The difficulty here is twofold. First, Crespo has brought these claims in a habeas petition, which is the wrong vehicle for the job. The writ of habeas corpus exists to challenge the fact or duration of physical

7

confinement. It is not a catch-all funnel for standard administrative grievances. Trying to shoehorn a freestanding APA challenge into a habeas petition simply does not work. *See Fleurimond v. Noem*, No. CV-26-00037-PHX-MTL (CDB), 2026 WL 507542, at *3 (D. Ariz. Feb. 24, 2026). A habeas petition comes with a streamlined procedure, fast-tracked rules, and a nominal filing fee. An APA challenge, by contrast, is a standard civil action with a heftier filing fee and following the ordinary, more deliberate pace of the Federal Rules of Civil Procedure. Litigants cannot sidestep those standard requirements by simply slapping a habeas label on an administrative complaint. *See Alvarez v. Noem*, No. 5:26-CV-0013-JKP, 2026 WL 93972, at *7 (W.D. Tex. Jan. 9, 2026); *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) (recognizing legal distinction between habeas cases and civil actions brought under APA, which have different filing fees and exhaustion provisions).

Second, the APA itself leaves no room for these claims. The APA operates as a fallback option, providing a right of judicial review only when "there is no other adequate remedy in a court." 5 U.S.C. § 704. But Crespo has an adequate remedy—the very habeas petition he filed to get through the courthouse doors. *See Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring). Because the writ of habeas corpus provides a fully adequate avenue to test the legality of his custody—which is the only thing Crespo is

challenging here—the APA simply leaves no room for these redundant claims. *See Fleurimond*, 2026 WL 507542, at *3, *Rivera v. Noem*, No. 1:25-CV-01289 KWR-KBM, 2026 WL 381309, at *7 (D.N.M. Feb. 11, 2026).

### III. Conclusion

Based on the record provided, Crespo's detention does not violate the INA or the Constitution.[2] He is thus not entitled to habeas relief, and the petition (Doc. 7) is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on April 13, 2026.

Kyle C. Dudek
United States District Judge

---

[2] Crespo cites a California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). *Bautista* has no application here because Crespo falls outside the proposed class since he was "apprehended upon arrival." *Id.* at *9. In addition, the Court does not find *Bautista* binding here. *See, e.g., Sanchez-Moralez v. Field Off. Dir., Miami Field Off., U.S. Immigr. & Customs Enf't*, No. 26-CV-20217-JB, 2026 WL 496726, at *2 (S.D. Fla. Feb. 23, 2026).